### Gale vs. Hoysradt.

It is necessary to call the plaintiff on the rendering of a verdict by a jury. Where the plaintiff's attorney and counsel were both in court when the verdict was rendered, and the clerk thought he called plaintiff, motion to set aside the verdict for that reason was denied.

*Motion to set aside verdict and for a new trial, on the ground of irregularity.*—Plaintiff's facts: this was an action of replevin, the jury rendered a verdict for plaintiff for a portion of the property, and found for the defendant as to the residue, and assessed the value in each case; verdict received and recorded; the plaintiff was not in court when the verdict was rendered by the jury and received by the court; plaintiff was not called by the clerk or any other person at the time, or at any time after the jury returned into court, nor did he appear or answer at that time. Defendant's facts: the plaintiff's attorney and counsel were both in court when the verdict was rendered, and the plaintiff was called, and either his attorney or counsel answered for him. Deputy clerk who officiated as clerk, thinks he called the plaintiff, but will not state positive; his attorney and counsel were both present when the verdict was rendered.

J. H. Reynolds, *Plffs Atty.*          G. W. Bulkley, *Defts Atty.*

*Decision.*—Motion denied, with costs, without prejudice.